UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HARRIS, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>WEXFORD OF INDIANA, LLC, )<br>DAUSS, )<br>)<br>    Defendants. ) | No. 1:20-cv-01534-SEB-MPB |

**Order Granting Wexford of Indiana, LLC's Motion for Summary Judgment
And Directing Further Proceedings**

Plaintiff Robert Harris, an Indiana prisoner incarcerated at the New Castle Correctional Facility ("New Castle"), filed this civil rights action under 42 U.S.C. § 1983 against Wexford of Indiana, LLC, and Dr. Dauss, in her official capacity as the Indiana Department of Correction's Medical Director. Mr. Harris alleges that he requires surgery to correct joint deterioration in his right shoulder. He seeks injunctive relief. Dkt. 7.

Wexford seeks summary judgment arguing that Mr. Harris failed to exhaust his available administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons explained below, Wexford's unopposed motion for summary judgment, dkt. [18], is **granted** and Mr. Harris shall have an opportunity to show cause why summary judgment should not also be granted in favor of Dr. Dauss.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the

1

district court of the basis for its motion and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, "the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a *genuine issue for trial*.'" *Cincinnati Life Inc. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Generally, "a plaintiff may not rely on mere allegations or denials in his complaint when opposing a properly supported motion for summary judgment." *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) (citing *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996)).

Mr. Harris did not file a response to the pending motion for summary judgment. By not responding to the motion for summary judgment, Mr. Harris conceded to the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1, of which Mr. Harris was notified. See dkt. 21. This does not alter the standard for assessing a Rule 56 motion but does "[r]educ[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.  Statement of Facts

The following statement of facts was evaluated pursuant to the standard set forth above.

**A. Indiana Department of Corrections' Offender Grievance Process**

New Castle has an offender grievance program pursuant to Indiana Department of Correction ("IDOC") policy. Dkt. 20-2. As an IDOC inmate, the offender grievance process is available to Mr. Harris. Dkt. 20-1 at ¶ 5.

The purpose of the grievance process is to provide administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement. *Id.*

The grievance procedures at New Castle are noted in the inmate handbook, and this is provided to inmates upon their arrival at the facility. Additionally, copies of both the inmate handbook and the IDOC grievance policy are available in the library at New Castle for further review. *Id.*

The offender grievance process has three steps:

First, the prisoner must file a formal grievance. This includes the submission of a Grievance Form to the Grievance Specialist at the facility. *Id.* at ¶ 6.

Second, if the problem is not resolved to the prisoner's satisfaction, he must appeal the Grievance Specialist's decision by submitting a Level 1 Grievance Appeal to the Warden of the facility. *Id.*

Third, if the problem is still not resolved to the prisoner's satisfaction, he must appeal the Warden's decision. *Id.*

Successful exhaustion of the grievance procedure by an offender includes timely pursuing each step or level of the formal process. *Id.* at ¶ 8.

### B. Mr. Harris's Use of the Grievance Process

Mr. Harris is a current inmate at New Castle. The prison's grievance records reflect that the Office of the Grievance Specialist has not received any formal grievance appeals from Mr. Harris during his incarceration at New Castle. Dkt. 20-3 at 1-9.

### III. Discussion

### A. Wexford of Indiana, LLC

Wexford seeks summary judgment on the basis that Mr. Harris failed to exhaust his available administrative remedies before he filed this lawsuit as required by the PLRA. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Mr. Harris has not responded.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). *See also Ross*, 136 S. Ct. at 1057-58 (explaining why "all inmates must now exhaust all available remedies" and concluding that "[e]xhaustion is no longer left to the discretion of the district court" (internal quotation marks and citation omitted)).

It is the defendant's burden to establish that the administrative process was available to Mr. Harris. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendant must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). Wexford has met this burden.

The undisputed record reflects that the administrative grievance process was available to Mr. Harris. Unfortunately for Mr. Harris, he did not exhaust his available administrative remedies because he never submitted a complete and timely formal grievance appeal related to the claims raised in the complaint even though he had the opportunity to do so. As such, Wexford is entitled to summary judgment in its favor.

### B. Dr. Dauss

The same rationale for dismissal discussed in the motion for summary judgment applies to the claim against Dr. Dauss. Mr. Harris shall have through **October 28, 2021**, in which to show cause why any claim against Dr. Dauss should not be sua sponte dismissed without prejudice for the same reasons the claim against Wexford is being dismissed. See Rule 56(f) of the Federal Rules of Civil Procedure (allowing court to grant summary judgment to a nonmovant after giving notice and an opportunity to respond); *Pactiv Corp. v. Rupert*, 724 F.3d 999, 1001 (7th Cir. 2013) ("Many decisions in this circuit hold that a district judge must notify the litigants, and invite the submission of evidence and legal arguments, before resolving a case on a ground the parties have bypassed or using a procedure they did not propose.").

### IV. Conclusion

As explained above, Wexford has demonstrated that Mr. Harris failed to exhaust the administrative remedies available to him before filing this lawsuit. The consequence, in light of Section 1997e(a), is that this action should not have been brought and the claims against Wexford

are now dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice"). Wexford's motion for summary judgment, dkt. [18], is **granted**.

No partial final judgment shall issue at this time as to the claims resolved in this Entry. Mr. Harris has through **October 28, 2021**, in which to show cause why the claims against Dr. Dauss should not be sua sponte dismissed without prejudice for failure to exhaust administrative remedies. Failure to respond to this show cause order will result in the dismissal of this action without further notice.

**IT IS SO ORDERED.**

Date:   10/6/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT HARRIS
980232
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com